## STATE v. TERRY E. MORRIS.

160 N. W. (2d) 715.

August 2, 1968—No. 40,613.

*C. Paul Jones,* State Public Defender, and *Richard W. Swanson,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

OTIS, JUSTICE.

Defendant appeals from convictions for indecent assault, Minn. St. 617.08, and kidnapping, Minn. St. 609.25, subd. 1(2), arising out of a single behavioral incident. Defendant pled not guilty to the charges. He was tried by a jury and found guilty. He did not testify on his own behalf.

At about 2:30 a. m., Saturday, February 26, 1966, the complainant, a student at the University of Minnesota, was crossing the campus on her way home from visiting friends when she was suddenly confronted by an assailant whom she identified as the defendant. Without warning, defendant struck her in the jaw, knocked her down, and beat her on the forehead, warning her that he had a knife and would kill her if she continued to scream. Defendant then pulled her to her feet and, with his hand on her shoulder, pushed her up some steps at the back of Northrop Auditorium. At the top of the steps, he forced her into a corner, threatened her with a sexual assault, and placed his hand inside her clothing against her body on her upper thighs. Thereafter he made her walk down the steps where they were confronted by a police officer. At that point defendant brought out a knife and slashed the officer, severely cutting him. Thereupon, complainant escaped, flagged a passing automobile, and was driven back to her friends' apartment.

Defendant asserts that he was denied the effective assistance of counsel because his attorney failed to discover and produce as witnesses the persons who picked her up at the scene of the crime, elected not to call defendant as a witness on his own behalf, and neglected to impeach testimony of complainant which was inconsistent with that given by her at the preliminary hearing. Defendant further complains of the court's receiving

in evidence testimony that he had been seen on the campus the day before the crime. In addition, defendant asserts that the court confused the jury with respect to the burden of proof by stating that defendant would put in his evidence after the state had rested, which underscored the fact he did not take the stand. Defendant assigns as further error the court's refusal to reduce the bail from $15,000. Finally, defendant contends that it was error to submit the charge of kidnapping as a separate offense since any restraint imposed by defendant on the victim was only incidental to the charge of indecent assault.

We have considered all of defendant's assignments of error and find them to be without merit. The only issue which requires extended discussion is whether or not it was proper to submit the charge of kidnapping as a separate offense.

Under the Criminal Code adopted in 1963, kidnapping is defined as follows (Minn. St. 609.25, subd. 1[2]):

"Whoever, for any of the following purposes, confines or removes from one place to another, any person without his consent or, if he is under the age of 16 years, without the consent of his parents or other legal custodian, is guilty of kidnapping and may be sentenced as provided in subdivision 2:

\* \* \* \* \*

"(2) To facilitate commission of any felony or flight thereafter \* \* \*."

The question is whether on the basis of complainant's testimony there was adequate evidence that she was confined or removed from one place to another to facilitate the commission of a felony. We hold that there was.

Defendant argues with some force that complainant was confined only for a period of some 5 minutes and removed for a distance of only 100 or 150 feet. This, defendant submits, was merely behavior incidental to an indecent assault and was not intended by the legislature to constitute the separate crime of kidnapping. It is argued that a great many offenses involve momentary restraint and confinement as a part of the crime and that it was not the purpose of § 609.25 to impose an additional 20 to

40 years' imprisonment for behavior which did not involve a confinement substantial in time or a removal substantial in distance.

In construing § 609.25, we think it is significant that the legislature omitted any qualification as to time or distance. The Advisory Committee's comments (40 M. S. A. p. 292) refer to the American Law Institute's Model Penal Code, § 212.1, which defines kidnapping in the following language:

"A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business, or a *substantial* distance from the vicinity where he is found, or if he unlawfully confines another for a *substantial* period in a place of isolation, with any of the following purposes:

\* \* \* \* \*

"(b) to facilitate commission of any felony or flight thereafter \* \* \*." (Italics supplied.)

The legislature chose not to follow the A. L. I. Code and omitted the qualifications referred to.

In support of his position, defendant cites People v. Levy, 15 N. Y. (2d) 159, 256 N. Y. S. (2d) 793, 204 N. E. (2d) 842. There two armed men forced their way into the automobile of a husband and wife and robbed them while driving around the city of New York. A divided court, in construing a New York statute which provided that one who confines another, with intent to cause him to be confined against his will, is guilty of kidnapping (15 N. Y. [2d] 164, 256 N. Y. S. [2d] 796, 204 N. E. [2d] 844) said:

"This definition could literally overrun several other crimes, notably robbery and rape, and in some circumstances assault, since detention and sometimes confinement, against the will of the victim, frequently accompany these crimes. Some of the definitions could apply alike to kidnapping and abduction. It is a common occurrence in robbery, for example, that the victim be confined briefly at gunpoint or bound and detained, or moved into and left in another room or place.

"It is unlikely that these restraints, sometimes accompanied by asportation, which are incidents to other crimes and have long been treated as

integral parts of other crimes, were intended by the Legislature in framing its broad definition of kidnapping to constitute a separate crime of kidnapping, even though kidnapping might sometimes be spelled out literally from the statutory words."[1]

Other courts which have dealt with the problem have come to the conclusion we here reach. In State v. Jacobs, 93 Ariz. 336, 380 P. (2d) 998, a rape victim was restrained for a half or three-quarters of an hour and forcibly removed from one area of a trailer house to another. The court there held that this activity was sufficient to satisfy the requirements of a statute akin to ours. California has reached the same result in a long series of decisions beginning with People v. Chessman, 38 Cal. (2d) 166, 192, 238 P. (2d) 1001, 1017. The court held in Chessman that the fact the victim was forced to move only 22 feet didn't make her abduction any the less kidnapping. "It is the fact, not the distance, of forcible removal which constitutes kidnapping in this state." To the same effect were People v. Wein, 50 Cal. (2d) 383, 399, 326 P. (2d) 457, 466, and People v. Monk, 56 Cal. (2d) 288, 295, 14 Cal. Rptr. 633, 636, 363 P. (2d) 865, 868.

After an exhaustive discussion of the history of abduction and kidnapping from their origins, the New Jersey court has held that they are separate crimes which merely overlap. State v. Johnson, 67 N. J. Super. 414, 422, 170 A. (2d) 830, 835. That court, however, admonished prosecutors against invoking kidnapping statutes unless the facts warrant the severe punishment involved in a conviction for that crime.

Defendant here was sentenced to 20 years, for the kidnapping only and not for the indecent assault, pursuant to Minn. St. 609.035, which permits punishment for the most serious crime resulting from one behavioral incident. While we share the New Jersey court's concern lest the punishment provided by statute may be imposed in cases where the circumstances do not warrant it, we cannot say as a matter of law that the legislature did not intend the limited confinement and restraint which occurred in this

---

[1] A number of commentators have advocated the same position. 53 Col. L. Rev. 540; 15 Albany L. Rev. 65; 11 Stanford L. Rev. 554; 35 So. Cal. L. Rev. 212; 110 U. of Pa. L. Rev. 293.

case to constitute the crime of kidnapping. If under some circumstances the statutory penalty is unduly harsh, it is the duty of the prosecutor, the court, and the correctional authorities to modify the charge, the sentence, or the period of confinement so that it will be commensurate with the gravity of the crime and the harm or potential harm which is inflicted by the defendant.

Affirmed.