**STATE of Minnesota, Respondent,**

v.

**Robert Dale McEWAN, Appellant.**

**No. 46850.**

Supreme Court of Minnesota.

March 10, 1978.

Rehearing Denied April 26, 1978.

C. Paul Jones, Public Defender, Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Jane Prohaska, Spec. Asst. Atty. Gen., St. Paul, Helen Hill Blanz, County Atty., Itasca, for respondent.

Heard before PETERSON, KELLY, TODD, YETKA, WAHL, and IVERSON, JJ., and considered and decided by the court en banc.

YETKA, Justice.

Defendant appeals from a judgment of conviction of kidnapping in violation of Minn.St. 609.25, subd. 1. He was tried by a jury in district court. In addition to kidnapping, defendant was convicted of simple robbery in violation of Minn.St. 609.24, as a lesser included offense of aggravated robbery; and simple assault, in violation of Minn.St. 609.22, a lesser included offense of aggravated assault. He is not appealing from the robbery or assault convictions. We reverse the conviction for kidnapping and affirm the convictions for simple robbery and simple assault.

On November 8, 1975, at about 9:45 p. m., Brian Doty and James Disse were hitchhiking in the vicinity of the Grand Rapids Holiday Inn. They had attempted to swim in the pool there but were prevented from doing so by the security guard. They stayed, however, for about 1 hour playing the pinball machines. The boys, both age 15, were spending the night at the Doty residence in Grand Rapids.

Defendant and two other individuals were riding around Grand Rapids when they picked up Doty and Disse outside the Holiday Inn. Defendant testified that he had come from Anoka to go deer hunting with two of his niece's friends.

The five people first went to the Lind-Greenway Mine behind the Grand Rapids Fairgrounds. At the fairgrounds, defendant and his friends supplied beer and liquor, and the hitchhikers supplied marijuana, which they all shared.[1] During the stay at the fairgrounds, defendant and his companions left the car to shoot their rifles at some beer cans.

After some time at the mine, Doty and Disse asked to be brought back to town. They all got into the car, with the two boys in the backseat and defendant and his companions in the front. As the car approached the National Tea grocery store in Grand Rapids, the boys testified that defendant asked them whether they had ever been "mugged." After Doty said, "No," defendant replied, "Well you are now."

---

1. Doty and Disse had earlier split 2 ounces of marijuana between them in order to avoid committing a felony.

For sometime thereafter the boys were driven around Grand Rapids.[2] Because the car was a two-door sedan, the boys were unable to escape. During the ride the boys claimed defendant threatened them, told them that he had a pistol under the car seat, hit Brian Doty several times, and swung once at James Disse but missed. Disse also claimed he was threatened by one of the other passengers.

When the car finally stopped, it was several blocks from the Disse home. Defendant and his companions then took the boys' boots, jackets, hats, and some other belongings, including a watch and ring.

The boys went to the Disse residence at about 1 a. m. They were upset and Doty had blood on his nose and shirt. The police were called immediately. The boys told the police that they had been forced into the car at knifepoint and had been given marijuana to smoke. At the omnibus hearing they admitted, however, that they had lied, that they had been hitchhiking, and that the marijuana was theirs.[3]

Defendant was arrested on November 11, 1975. He was in a tent with his friends. During a search of the tent and the car, the police found all the articles taken from the boys. Initially, defendant stated he was too drunk to remember anything. He later stated that he remembered picking up two hitchhikers, stopping at the fairgrounds, and dropping off the boys.

Defendant was originally charged with kidnapping, aggravated robbery, and possession of marijuana. After the omnibus hearing, an amended complaint was filed adding a false imprisonment charge and deleting the marijuana charge. On the morning of trial, a second amended complaint was filed adding the charge of aggravated assault.

The kidnapping statute, Minn.St. 609.25, provides:

"Subdivision 1. Acts constituting. Whoever, for any of the following purposes, confines or removes from one place to another, any person without his consent or, if he is under the age of 16 years, without the consent of his parents or other legal custodian, is guilty of kidnapping and may be sentenced as provided in subdivision 2:

"(1) To hold for ransom or reward for release, or as shield or hostage; or

"(2) To facilitate commission of any felony or flight thereafter; or

"(3) To commit great bodily harm or to terrorize the victim or another; or

"(4) To hold in involuntary servitude.

"Subd. 2. Sentence. Whoever violates subdivision 1 may be sentenced as follows:

"(1) If the victim is released in a safe place without great bodily harm, to imprisonment for not more than 20 years or to payment of a fine of not more than $20,000, or both; or

"(2) Otherwise to imprisonment for not more than 40 years or to payment of a fine of not more than $40,000, or both."

When the prosecutor initially discovered that the boys had lied, she agreed to a negotiated plea in which the defendant was to plead guilty to a misdemeanor and waive extradition to Texas on a parole violation charge in exchange for dropping the other charges. The plea bargain was withdrawn when, after the boys were questioned by the prosecutor and told a third version of their story, the prosecutor indicated her belief that higher charges could be sustained and the trial court concurred.

Except where the charge is grossly inappropriate in the light of the facts compelling a more serious charge, a trial judge should not ordinarily interfere with the prosecutor's exercise of discretion in charging a defendant. If he is going to reject a plea entered pursuant to a plea

---

**2.** The exact time and distance were a matter of some dispute. The trip was between 15 and 22 miles. The boys' account of the time consumed was unclear. It could have been for as short a time as 20 minutes.

**3.** The change in the boys' story led to a plea agreement discussed below.

agreement, he should state his reasons and leave the prosecutor and defense attorney free to engage in further negotiations if they choose. See, Rule 15.04, Rules of Criminal Procedure. Even where the prosecutor must seek leave of court to dismiss charges, the trial court's role is limited to insuring itself that no abuse of discretion has occurred. *State v. Aubol*, 309 Minn. 323, 244 N.W.2d 636 (1976).

It is difficult to see how the facts of this case justify a charge of kidnapping and a sentence of 20 years. The jury found that neither aggravated assault nor aggravated robbery took place. Although a robbery occurred, the evidence that the confinement of the boys was to facilitate the robbery was minimal at best. The fabrication of the boys' initial story and the circumstances surrounding the events of the evening cast grave doubts on much of the boys' story. The present case is essentially a simple assault and robbery.

As this court stated in *State v. Morris*, 281 Minn. 119, 124, 160 N.W.2d 715, 718 (1968):

" * * * If under some circumstances the statutory penalty [for kidnapping] is unduly harsh, it is the duty of the prosecutor, the court, and the correctional authorities to modify the *charge*, the sentence, or the period of confinement so that it will be commensurate with the gravity of the crime and the harm or potential harm which is inflicted by the defendant." (Italics supplied.)

In the interests of justice and under the facts of this case, the kidnapping conviction is reversed and the sentence therefor vacated.[4] Because defendant did not appeal the convictions on the robbery and assault charges and there is evidence to support them, those convictions are affirmed and the case is remanded to the district court for resentencing.

4. Because of our decision in this case, we do not reach appellant's contention that the statute should be judicially narrowed.