STATE of Minnesota, Respondent,

v.

Larry K. BOWSER, Appellant.

No. 51563.

Supreme Court of Minnesota.

July 10, 1981.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael McGlennen, Asst. County Atty., Thomas A. Weist and Anne E. Peek, Minneapolis, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of two counts of criminal sexual conduct in the first degree, Minn.Stat. §§ 609.342(e)(i) (1980) (sexual penetration accomplished by force or coercion and accompanied by personal injury to the complainant) and 609.342(c) (sexual penetration accomplished when circumstances have caused complainant to have a reasonable fear of imminent great bodily harm to herself or another). The trial court sentenced defendant to one maximum 20-year prison term but based it on both convictions.

On this appeal from judgment of conviction defendant contends (1) that both con-

victions should be reversed on the ground of insufficient evidence, (2) that, failing that, he should receive a new trial on the ground that the trial court prejudicially erred in permitting use of his prior conviction for aggravated robbery to impeach his credibility as a witness, and (3) that, at the very least, one of the two convictions should be vacated pursuant to Minn.Stat. § 609.04 (1980).

1. Defendant's first contention is that both convictions should be reversed on the ground of insufficient evidence.

■ Conviction under subsection (e)(i) of the statute required proof that the defendant used "force or coercion to accomplish sexual penetration" and caused "personal injury to the complainant." Section 609.-341, subd. 8, defines "personal injury" as meaning "bodily harm as defined in section 609.02, subd. 7, or severe mental anguish or pregnancy." Section 609.02, subd. 7, in turn defines bodily harm as meaning "physical pain or injury, illness, or any impairment of physical condition." We are satisfied that the state met its burden of proving that the subsection applied. Complainant specifically testified that she felt considerable pain when defendant first penetrated her and the evidence also established that she suffered some personal injury in the form of the laceration of her hymen, which resulted in bleeding. Either the pain or the minimal injury would be sufficient to establish bodily harm under section 609.02 and therefore personal injury under section 609.341, subd. 8.

■ Since the evidence was clearly sufficient to justify conviction under subsection (e)(i) and since one of the two convictions must be vacated pursuant to section 609.04 —which forbids two convictions of the same offense (or of one offense and a lesser nec-

essarily included offense) on the basis of the same criminal act—we need not consider or decide the sufficiency of the evidence to justify conviction under subsection (c). That conviction is vacated pursuant to section 609.04.

■ 2. Defendant's second contention is that the trial court erred in permitting the use of defendant's prior conviction to impeach him when he testified.

This issue arose in the context of a motion by defendant to prohibit use of the conviction to cross-examine him if he testified. The conviction was a 1973 conviction for aggravated robbery. Defendant served time in prison for this conviction, before being released in mid-1976. Defendant took the stand and testified notwithstanding the trial court's refusal to prohibit use of this conviction.

Under Minn.R.Evid. 609 the trial court has considerable discretion in deciding whether to restrict the use of a conviction such as this which does not *directly* involve dishonesty or false statement. The approach which the trial court should use in determining whether to restrict the use of such a conviction is to consider the factors which we enumerated in *State v. Jones*, 271 N.W.2d 534 (Minn.1978). We also consider those factors on appeal in determining whether the trial court erred in the exercise of its discretion. While it appears that the trial court did not err in denying the defense motion to prohibit impeachment, we need not decide the issue because we are satisfied that any error was not prejudicial.

One conviction affirmed, one vacated.

WAHL, J., took no part in the consideration or decision of this case.