**STATE of Minnesota, Respondent,**

v.

**Michael A. MORRISON, Appellant.**

**No. 51471.**

Supreme Court of Minnesota.

Sept. 25, 1981.

Minn. 202, 236 N.W.2d 596 (1975); *Associated Indep. Dealers, Inc. v. Mutual Service Ins.* *Companies*, 304 Minn. 179, 229 N.W.2d 516 (1975).

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Jerry Strauss, Asst. County Atty., Minneapolis, for respondent.

SCOTT, Justice.

Defendant was found guilty by a district court jury of burglary, Minn.Stat. § 609.58, subd. 2(1)(b) (1978) (burglary of dwelling accompanied by commission of an assault upon a person present therein), and criminal sexual conduct in the first degree, section 609.342(c) (sexual penetration accomplished when circumstances have caused complainant to have a reasonable fear of imminent great bodily harm to herself or another). The trial court sentenced defendant to two concurrent prison terms of 20 years each. On this appeal from judgment of conviction defendant contends that the evidence was insufficient as a matter of law to establish burglary and that the conviction should be reversed outright because the charge was based on the theory that defendant entered the house without consent and with intent to commit a crime, when the evidence did not establish this. His claim of entitlement to a new trial on both the burglary and the criminal sexual conduct charges was based on allegations of error and allowing use of a prior criminal sexual conduct conviction to impeach his credibility as a witness and error in admitting *Spreigl* evidence of a different prior sex offense. He also argues that there are separate grounds for a new trial on the burglary charge: that the court improperly denied him the opportunity to present relevant evidence bearing on whether he had consent to enter and improperly refused to specifically instruct the jury that consent to enter could be implied. He argues that if he does not receive a new trial on the sex charge at least the conviction should be reduced to criminal sexual conduct in the third degree because the evidence was insufficient to establish that complainant reasonably feared imminent great bodily harm. He argues that if he does not receive a reversal of the burglary conviction or at least a new trial on that charge, he at least should receive a reduction of the concurrent sentence for that

conviction to 10 years because the enhancement of that sentence to 20 years was based on the same act of sexual assault on which the criminal sexual conduct conviction was based. We affirm.

Defendant's claim that he is entitled to have the burglary sentence reduced was recently decided in the state's favor in *State v. Gant*, 305 N.W.2d 790 (Minn.1981).

Defendant's claim that the court erred in allowing use of the prior conviction to impeach him raises an issue which this court has addressed numerous times in recent years. Cases to see which are closely in point both factually and legally are *State v. Bettin*, 295 N.W.2d 542 (Minn.1980), and *State v. Brouillette*, 286 N.W.2d 702 (Minn. 1979).

■ The *Spreigl* issue is not a close one. The key tests in determining admissibility of *Spreigl* evidence are whether the evidence is clear and convincing that defendant participated in the *Spreigl* offense, whether the *Spreigl* evidence is relevant and material to the state's case, and whether the potential of the *Spreigl* evidence for unfair prejudice substantially outweighs its probative value. *State v. Bolts*, 288 N.W.2d 718 (Minn.1980). Here the evidence showed that less than one year earlier defendant had used threats and force to accomplish nonconsensual vaginal penetration of a friend of a friend in her own apartment and had claimed it was consensual when the complaint was made. In this case the defendant entered a house without consent and used threats and force to accomplish vaginal penetration of the mother of his friends and, when the complaint was made, again claimed consent. As the trial court stated, the key similarities between the two offenses was that in both of them defendant, figuring he could explain it away later, forced women he knew to have vaginal sexual intercourse with him. The offenses both occurred in Minneapolis and they occurred within a year of each other. Given our prior cases, we hold that the trial court had discretion to admit this evidence under the circumstances of this case, since the evidence was relevant to the issue of consent.

■ Defendant's claim that the evidence was insufficient to establish that complainant feared imminent great bodily harm is without merit. Cases decided under subsection (c) of the statute include *State v. Zernechel*, 304 N.W.2d 365 (Minn.1981); *State v. Ashland*, 287 N.W.2d 649 (Minn.1979), and *Peterson v. State*, 282 N.W.2d 878 (Minn.1979). Here complainant woke in the middle of the night and found a huge man in her room who threatened to kill her if she did not comply with his sexual demands. She concluded that her best chance of surviving was to comply. The state's evidence established that this fear of hers was both reasonable and justified.

■ The more difficult issues all relate to the burglary conviction. The state's evidence established that defendant and two friends of his, who are also friends of the victim's sons, went to the victim's residence between 4:00 and 5:00 a. m. one day and that defendant; after asking his friends about the location of the victim's bedroom, entered the house without consent. He was met by one of the victim's sons, who went outside to talk with the others, thinking that defendant planned to remain in the house only for the purpose of talking to the other brother. However, unknown to him, defendant did not intend to talk with the other brother; instead he went to the victim's bedroom and committed the sexual assault. Since the burglary charge was based not on the theory of unlawfully remaining in the building but on unlawful entry, our examination of the record has focused on the sufficiency of the evidence to show that the entry was without consent and accompanied by intent to commit a crime once in the building. Satisfied that the record does establish this and that the trial court did not prejudicially err in any of its evidentiary rulings or instructions relating to this charge, we affirm the burglary conviction also.

Affirmed.