STATE of Minnesota, Respondent,

v.

Robert A. JENSEN, Appellant.

Nos. 51872, 81–1085.

Supreme Court of Minnesota.

Aug. 6, 1982.

---

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., Appellate Division, Thomas A. Weist and Rick Osborne, Asst. County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

WAHL, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(c) (1980) (sexual penetration accomplished when victim in reasonable fear of imminent great bodily harm). The trial court sentenced defendant to 20 years in prison with execution of sentence stayed for 5 years on condition that defendant spend up to 1 year in the workhouse and then successfully complete a treatment program for sexual offenders. Probation was revoked after defendant left the treatment program without permission and refused to turn himself in to the authorities. More recently the district court, acting pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981), resentenced petitioner to the 43-month presumptive term provided by the Minnesota Sentencing Guidelines for this offense (severity level VIII) by one such as defendant, who had a zero criminal history score at the time of sentencing. Issues raised on this combined appeal from judgment of conviction and from the order denying postconviction relief are (1) whether the state's evidence failed to establish that the victim was put in reasonable fear of imminent great bodily harm and (2) whether defendant met his burden of proving at the postconviction hearing that his trial counsel denied him his constitutional right to testify in his own behalf. We affirm.

■ There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. The state's evidence established that defendant accomplished the sexual penetration by using force and threats of imminent great bodily harm. Specifically, after grabbing the victim's hair and violently pulling her back when she tried to escape from his car, defendant choked her neck and told her if she tried to escape again he would choke her "for good." The victim, who was very frightened by this, complied rather than risk great bodily harm.

■ Defendant had the burden of proving at the postconviction hearing that his trial counsel denied him his right to testify

in his own behalf at trial. The postconviction court, crediting the testimony of the trial counsel and discrediting the defendant's testimony, found that defendant knew he had a right to testify and that defense counsel never told him he could not testify. Given these findings, this case is governed by *State v. Rosillo*, 281 N.W.2d 877 (Minn. 1979), where we affirmed the denial of postconviction relief in similar circumstances.

Affirmed.