STATE of Minnesota, Respondent,

v.

Jon Joseph WILLIAMS, Appellant.

No. 81–721.

Supreme Court of Minnesota.

Nov. 5, 1982.

C. Paul Jones, Public Defender and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster,

Asst. County Atty., St. Paul, for respondent.

■■■

OTIS, Justice.

■■ Defendant was charged with attempted first-degree murder, assault in the first degree, and two counts of criminal sexual conduct in the first degree for beating and sexually assaulting a young St. Paul woman he knew. A district court jury acquitted him of the attempted murder charge and one of the sex counts but found him guilty of the other two charges. The trial court departed from the presumptive sentence of 54 months[1] and sentenced defendant to 90 months in prison. Defendant apparently is now incarcerated at the security hospital in St. Peter pursuant to the judgment of conviction (as well as pursuant to an order committing him as a psychopathic personality). On this appeal from judgment of conviction, defendant seeks an outright reversal of his conviction on the ground of insufficiency of evidence on the issue of identification. Alternatively, he seeks a new trial on the ground that the trial court prejudicially erred in admitting *Spreigl* evidence of another similar crime against a different victim in Minneapolis a few weeks earlier. There is no merit to either contention. The victim positively identified the defendant as her assailant. She had no apparent motive to falsely to accuse defendant of the acts in question. The *Spreigl* evidence, which corroborated the victim's testimony, established that defendant had been involved in a similar act of misconduct in Minneapolis a few weeks earlier. Numerous cases of this court, including *State v. Morrison,* 310 N.W.2d 135 (Minn.1981), support the admission of this evidence.

Affirmed.

PETERSON, J., took no part in the consideration or decision of this case.

1. Both assault in the first degree and criminal sexual conduct in the first degree are severity level VIII offenses. Defendant had a criminal history score of one at the time of sentencing. Since both offenses were committed as part of a single behavioral incident, the trial court could sentence defendant for only one of the offenses under Minn.Stat. § 609.035 (1980).