STATE of Minnesota, Respondent,

v.

Wadell SMITH, Appellant.

No. C6–82–999.

Supreme Court of Minnesota.

May 27, 1983.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(c) (1982) (sexual penetration accomplished when victim was in reasonable

fear of imminent great bodily harm). The trial court sentenced defendant to 54 months in prison, the presumptive sentence established by the Minnesota Sentencing Guidelines for the offense in question (a severity level VIII offense) by a person with defendant's criminal history score (one). On this appeal from judgment of conviction defendant argues that the state's evidence failed to establish that the victim was put in reasonable fear of imminent great bodily harm. We affirm.

Defendant, a former employee of a Minneapolis hotel, confronted the victim in the hotel's locker room for female employees at 2 a.m. as the victim was changing her clothes after completing a shift as a cocktail waitress. She started to scream but defendant placed his hand over her mouth and used a verbal threat to get her to stop. At trial she was no longer sure of the words he used. She testified that he either threatened to hurt her or kill her if she did not stop screaming. However, in an excited utterance to a fellow employee immediately following the rape and while she was in a state of shock, she said that the rapist had threatened to kill her.[1]

Complainant testified that she tried to get away from defendant but that the more she did so, the tighter he held her. Defendant is not a large man but was strong enough to overcome the victim's resistance and carry her to the back of the room, where he sexually penetrated her. The victim testified that she submitted because the room was soundproof, meaning that no one outside the room could hear her if she screamed, and because she feared that he would really hurt her if she did not submit.

Cases of this court in which the defendant has made an issue as to the sufficiency of the evidence that the victim was in reasonable fear of imminent great bodily harm include: *State v. Jensen,* 322 N.W.2d 608 (Minn.1982); *State v. Morrison,* 310 N.W.2d 135 (Minn.1981); *State v. Zernechel,* 304 N.W.2d 365 (Minn.1981); *State v. Ashland,*

287 N.W.2d 649 (Minn.1979); and *Peterson v. State,* 282 N.W.2d 878 (Minn.1979).

The cases do not require some other form of physical assault (such as choking) in addition to the sexual assault, nor do they require a verbal threat or proof that the defendant intended to harm the victim if she did not comply. The cases require that we look at all the circumstances to determine if the victim was in reasonable fear of imminent great bodily harm. *See, e.g., State v. Jensen,* 322 N.W.2d at 609.

In this case we hold that the state met its burden of proving that the victim was in reasonable fear of imminent great bodily harm.

Affirmed.

---

1. Defendant did not object to the admission of the statement. However, even if he had objected, the testimony still would have been admissible not only to corroborate the complainant, *State v. Presley,* 300 Minn. 556, 557, 220 N.W.2d 486, 487 (1974), but, because it was an excited utterance, as substantive evidence of what defendant said. Minn.R.Evid. 803(2); *State v. Taylor,* 258 N.W.2d 615 (Minn.1977).