STATE of Minnesota, Respondent,

v.

Jay Garfield LATTIN, Appellant.

No. C2–82–540.

Supreme Court of Minnesota.

July 15, 1983.

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Rick Osborne, J. Michael Richardson and Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(c) (1982) (sexual penetration accomplished after putting victim in reasonable fear of imminent great bodily harm). The trial court sentenced defendant to an executed term of 43 months in prison, which is the presumptive sentence established by the Sentencing Guidelines for a severity level VIII offense by a person with a criminal history score of zero. On this appeal from judgment of conviction, defendant claims (1) that the trial court erred in admitting eyewitness-identification testimony because the testimony was based on suggestive identification procedures, (2) that the state failed to prove that he was the person who committed the offense, and (3) that at most he should be deemed guilty only of criminal sexual conduct in the third degree, section 609.344(c). We affirm.

Early on October 19, 1981, defendant grabbed a young woman who was returning to her apartment building, forced her to an area between that building and another

apartment building, and, threatening to kill her if she did not cooperate, raped her. The caretaker of the victim's apartment building called police, who caught defendant as he was running from the scene to his nearby car. Moments later the victim positively identified defendant in an on-the-scene one-person showup. Scientific evidence also connected defendant to the crime.

 Defendant's contention that the trial court erred in refusing to suppress the eyewitness-identification testimony is without merit, as is his contention that the evidence identifying him as the rapist was legally insufficient.

 Defendant's contention that his conviction should be reduced to criminal sexual conduct in the third degree is based on the argument that there is no meaningful distinction between section 609.342(c) and section 609.344(c). We reject this contention. Section 609.342(c) requires proof that the victim was put in "reasonable fear of imminent great bodily harm" whereas section 609.344(c) requires proof only that the defendant used "force or coercion." Here the state clearly established that the defendant caused the victim to have a reasonable fear of imminent great bodily harm if she did not comply with his sexual demands and therefore he was properly convicted of violating section 609.342(c). *State v. Smith,* 333 N.W.2d 879 (Minn.1983).

Affirmed.