**STATE of Minnesota, Respondent,**

v.

**Raymond Leonard REINKE, Appellant.**

**No. CX–82–1595.**

Supreme Court of Minnesota.

Feb. 10, 1984.

C. Paul Jones, State Public Defender by Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., James B. Early, Sp. Asst. Attys. Gen., St. Paul, Michael T. Milligan, Cass County Atty., Walker, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(e)(i) (1982).[1] The trial court sentenced defendant to 65 months in prison, which is the presumptive sentence for the offense in question (a severity level VIII offense) when committed by a person with defendant's criminal history score (2). On appeal from judgment of conviction, defendant argues (1) that his conviction should be reversed outright on the ground that the state failed to prove that a rape occurred, (2) that he should be given a new trial on the ground that the trial court prejudicially erred in denying his motion to bar use of his prior conviction to impeach his credibility when he testified, or (3) that at least his conviction should be reduced to criminal sexual conduct in the third degree on the ground that the state failed to establish that the victim was personally injured. We affirm.

Defendant's first contention, that the evidence was legally insufficient to es-

---

**1.** This subsection makes it criminal sexual conduct in the first degree if the actor uses force or coercion to accomplish sexual penetration and causes personal injury in the process. Minn. Stat. § 609.341, subd. 8, defines "personal inju- ry" as "bodily harm as defined in section 609.02, subdivision 7, or severe mental anguish or pregnancy." Section 609.02, subd. 7, in turn defines "bodily harm" as "physical pain or injury, illness, or any impairment of physical condition."

tablish that a rape occurred, is without merit. The evidence against him consisted of positive testimony by the victim and significant corroborating evidence, including evidence of prompt complaint by the victim, testimony by others as to the victim's emotional condition at the time she complained, medical evidence supporting the conclusion that forced intercourse had occurred, and evidence establishing that defendant was at the victim's residence when she said he was.

■ Defendant's contention that the trial court prejudicially erred in denying his motion to bar use of his prior conviction (a 1978 conviction of criminal sexual conduct in the fourth degree) to impeach his credibility when he testified is answered by prior decisions, including *State v. Morrison*, 310 N.W.2d 135 (Minn.1981); *State v. Bettin*, 295 N.W.2d 542 (Minn.1980); and *State v. Brouillette*, 286 N.W.2d 702 (Minn.1979).

■ Defendant's final contention is that the state failed to establish that personal injury occurred. This contention is answered by our decision in *State v. Bowser*, 307 N.W.2d 778 (Minn.1981), where we upheld a conviction of criminal sexual conduct in the first degree on the basis of personal injury in the form of evidence that the victim's hymen was lacerated and evidence that the victim experienced pain when the defendant first penetrated her. We stated, "Either the pain or the minimal injury would be sufficient to establish bodily harm under section 609.02 and therefore personal injury under section 609.341, subd. 8." 307 N.W.2d at 779. Here the personal injury took the form of an abrasion in the area of the victim's pubis, pain at the time of the assault, and subsequent back pain attributable to the assault. Defendant's related contention, that there are vagueness and due process problems with the criminal sexual conduct statutes, is a contention that was also raised in *Bowser* and other cases, including *State v. Lattin*, 336 N.W.2d 270 (Minn.1983), and *State v. Smith*, 333 N.W.2d 879 (Minn.1983). In *Bowser* and *Smith* we implicitly rejected the contention. In *Lattin* we explicitly re-

jected the contention, made there in the context of a conviction under section 609.-342(c). We again reject the contention.

Affirmed.