STATE of Minnesota, Respondent,

v.

**Kurt Dean DOUGHMAN, Appellant.**

No. C7–84–1347.

Court of Appeals of Minnesota.

May 28, 1985.

Review Granted Aug. 20, 1985.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., Peter K. Halbach, Law Clerk, St. Paul, John Dimich, Itasca County Atty., Grand Rapids, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant Kurt Dean Doughman was convicted of several charges stemming from the planting of a pipe bomb in a wood pile. On appeal he claims error in the trial court's admission of *Spreigl* evidence and evidentiary rulings, and contends the evidence was insufficient. We reverse and remand for new trial.

## FACTS

Kurt Doughman was charged with planting a pipe bomb in Clarence Carlton's wood pile. The bomb had been placed inside a hollowed out piece of birch. Carlton lived with his mother in a small house in a rural area in Itasca County and he heated the house solely by a woodburning stove.

The State's theory on motive was that although Doughman and Carlton had been friends their relationship soured over Doughman's failure to pay Carlton for telephone bills. Carlton testified that on the morning of February 16, 1984 he discovered that his axe was missing and found bare footprints in the snow. Later that day he came across the pipe bomb.

The night before the bomb was discovered William McGowan helped Doughman weld ends onto a length of pipe. Doughman lived in a house on McGowan's property about 40 miles from Carlton. McGowan testified that the pipe Doughman was working on was similar to the one found at Carlton's home except that Doughman's pipe had a threaded bolt in one end.

Prior to trial defense counsel sought to preclude testimony from Carlton that Doughman burned down Allen Reinarz's barn two and one-half years earlier. The trial court ruled that this testimony was admissible only if during cross-examination of Carlton, Doughman attempted to place suspicion for the current offense on someone else. In mid-trial, the State sought to introduce the same evidence during its direct examination of Carlton. The trial court held a limited *Spreigl* hearing in which Carlton, the only witness, testified

that Doughman threatened to burn down Reinarz's barn two days before it actually happened. The trial court indicated this testimony was admissible because it showed a "common scheme type of situation, intent, * * * and without it, in view of the suppression of the results of the first search warrant, the State needs this kind of evidence, so it will be permitted."

At trial a BCA analyst was unable to determine if photos of the footprints in the snow matched ink impressions of Doughman's feet.

Doughman was convicted of attempted assault in the first degree, Minn.Stat. § 609.221 (1982), attempted arson in the third degree, Minn.Stat. § 609.563 (1982) and possession of an explosive, Minn.Stat. § 299F.811 (1982). The trial court sentenced Doughman on the assault conviction to 60 months imprisonment; the presumptive sentence was 32½ months.

## ISSUES

Did the trial court err in admitting *Spreigl* evidence?

## ANALYSIS

Doughman challenges the trial court's decision to admit evidence regarding a fire at the Allen Reinarz farm.

> Generally evidence of prior misconduct is inadmissible. However, prior misconduct is admissible if it tends to establish motive, intent, the identity of the accused, and/or a common scheme or plan embracing the commission of similar crimes so related to each other that proof of one or more of such tends to establish the accusation. *State v. Clark*, 296 N.W.2d 359, 368, (Minn.1980) quoting *State v. Sweeney*, 180 Minn. 450, 455, 231 N.W. 225, 227 (1930).

> In determining whether to admit this type of evidence, also known as *Spreigl* evidence, a court must consider:

>> whether the evidence is clear and convincing that defendant participated in the *Spreigl* evidence, whether the *Spreigl* evidence is relevant and mate-

rial to the state's case, and whether the potential of the *Spreigl* evidence for unfair prejudice substantially outweighs its probative value.

*State v. Hagen,* 361 N.W.2d 407, 410 (Minn. Ct.App.1985), quoting *State v. Morrison,* 310 N.W.2d 135, 137 (Minn.1981). In this case admission of *Spreigl* evidence was erroneous.

The trial court erred in finding that the evidence was clear and convincing that Doughman was involved in the Reinarz fire. The *only* evidence presented at the mid-trial *Spreigl* hearing was the testimony of Carlton. Carlton testified that Doughman threatened to burn down Reinarz's barn two days before it happened. Carlton did not know when the fire took place and he admitted that he did not inform investigators of Doughman's alleged threat at the time. The State did not establish or attempt to establish the cause of the Reinarz's fire or even whether it was set by arson. At a minimum, the State should have had testimony establishing that Reinarz's barn burned down because of arson. *See Hagen,* 361 N.W.2d at 410 (all fires used as *Spreigl* evidence involved use of an accelerant and there was circumstantial evidence of defendant's involvement in starting the fires).

## DECISION

The trial court erred in admitting *Spreigl* evidence when the evidence of appellant's participation was not clear and convincing. Because of our decision we need not address appellant's other contentions.

Reversed and remanded for new trial.