**STATE of Minnesota, Respondent,**

v.

**Henry L. DOOLEY, Appellant.**

**No. C4–85–1252.**

Court of Appeals of Minnesota.

Jan. 28, 1986.

Review Denied March 27, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co.

Atty., Vernon E. Bergstrom, Chief, Appellate Section, Diane M. Krenz, Staff Atty., Minneapolis, for respondent.

C. Paul Jones, Minnesota Public Defender, Mollie G. Raskind, Deputy State Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and LESLIE, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Henry Dooley was convicted by a jury of kidnapping in violation of Minn.Stat. § 609.25, subd. 1(2) (1984) and second degree criminal sexual conduct in violation of Minn.Stat. § 609.343(e)(i) (1984). He was found not guilty of attempted first degree criminal sexual conduct. He received concurrent sentences of thirty months for kidnapping and forty-one months for second degree criminal sexual conduct. On appeal, Dooley contends that there was insufficient evidence to support the jury's guilty verdicts and that he should not have been convicted of both crimes. We affirm.

## FACTS

Dooley's convictions resulted from an incident that took place in Minneapolis on January 27, 1985. The complainant testified that Dooley approached her as she was waiting for a friend in the foyer of her apartment building. He said that he was locked out of his apartment and asked the complainant to help him get in. Dooley then bodily picked her up by the waist and held her in the air for a few seconds as she kicked at him. When he released her, she ran back to her apartment and locked the door.

Dooley followed the complainant to her apartment. She opened the door when he said he wanted to apologize "face to face." Dooley pushed his way in, "slammed" her against a wall, and held her as he shut and locked the door. She broke away and tried to dial 911 but he tore the phone out of her hand and grabbed her. She tried to hit him with a small hammer but he took it away from her. Dooley then threw her on the floor and sat on her stomach and hips. He threatened her with the hammer and struck her on the jaw with his fist.

As Dooley sat on her, he said: "Don't you think I can kill you? I can kill you. Don't mess with me." He also said that he wanted to rape her. He then pinned her down, unsuccessfully tried to lift up her shirt, touched her breasts, and choked her.

Dooley then brought the complainant over to a couch. Her friend arrived and buzzed the apartment on the building's security system. She was admitted by another tenant and began knocking on the door. Dooley held complainant on the couch, covered her mouth with his hand, and did not let her respond.

The friend then telephoned from the apartment next door. Dooley did not let complainant answer the phone the first time it rang, but he did allow her to answer the second call. Dooley listened as she told her friend she was "all right." The third time the phone rang Dooley answered and told the friend to "leave us alone," that he was "not going to hurt her," and that the friend should not call the police. The friend did not recognize his voice but thought that it was that of a black male. She called the police.

Before the police arrived, Dooley resumed his assault by trying to get complainant to remove her shirt (she would not) and then touching her breasts. He told her: "I might as well kill you. I'm gonna get caught anyway. I might as well rape you right now and then kill you, because I'm going to jail anyway."

The police arrived and knocked on the door. Dooley again held complainant and covered her mouth to prevent her from answering. The police located the friend in the next apartment. She told them that complainant did not know the man in her apartment and they decided to break down the door. When they announced their intentions, Dooley released complainant, saying: "Well, I'm going to jail. Just go and

answer the door." She did so and went out into the hallway.

Police officers observed Dooley sitting on the couch with a telephone in his hand and arrested him. He said he was trying to call his girlfriend. The officers also saw that complainant had a swollen jaw, scratches on her neck, and a bump on her head. Photographs of her injuries and the testimony of an examining physician were admitted at trial. Several witnesses testified about the complainant's injuries and that she appeared "shaken," "nervous," and looked like she had been crying.

The court allowed Dooley's prior convictions for aggravated assault and third degree criminal sexual conduct into evidence for purposes of impeachment. Dooley did not testify at trial. His girlfriend testified that he had called her that evening. His defense was otherwise limited to cross-examination of the State's witnesses.

### ISSUES

1. Is there sufficient evidence to support the jury's verdicts?

2. Can appellant be convicted and sentenced for both second degree criminal sexual conduct and kidnapping?

### ANALYSIS

### I.

■ In reviewing a claim of insufficiency of the evidence, we are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978). We must view the evidence in the light most favorable to the prosecution and assume that the jury believed the state's witnesses and disbelieved any contradictory evidence. *State v. Wahlberg*, 296 N.W.2d 408, 411 (Minn.1980).

1. Minn.Stat. §§ 609.343 and 609.341 were amended in 1985. *See* Minn.Laws 1985 ch. 24,

### A. Second Degree Criminal Sexual Conduct

A person is guilty of criminal sexual conduct in the second degree if he uses force or coercion to accomplish sexual contact with the complainant and causes personal injury to the complainant. Minn.Stat. § 609.343(e)(i) (1984). The definition of sexual contact includes the touching of the clothing covering the breast of a human being. Minn.Stat. § 609.341, subds. 5, 11(iv) (1984).[1]

Dooley contends the complainant's testimony that he touched her breasts was uncorroborated and that certain details of her testimony were inconsistent. He "firmly denies" that he committed criminal sexual contact or caused personal injury.

■ Corroboration of the testimony of a sexual assault complainant is not required. Minn.Stat. § 609.347, subd. 1 (1984). In any event, the complainant's testimony was corroborated by her friend and police officers, and there were photographs of her injuries.

Here the complainant's testimony clearly established the elements of second degree criminal sexual conduct. We must assume that the jury believed complainant. Any alleged inconsistencies in her testimony were solely an issue for the jury's consideration. *State v. Lloyd*, 345 N.W.2d 240, 245 (Minn.1984). Further, Dooley's own statements amounted to an admission of criminal liability. We conclude there was sufficient evidence for the jury to find Dooley guilty of second degree criminal sexual conduct.

### B. Kidnapping

A person is guilty of kidnapping if he confines a person, without the person's consent, to facilitate committing a felony. Minn.Stat. § 609.25, subd. 1(2) (1984). The essential elements of the crime are holding the person from the moment of seizure and the intent accompanying such holding. Minn.Stat. § 609.25 advisory committee comment. It is this intent which distin-

§§ 3–4, 6; ch. 286, §§ 14, 16; ch. 297, §§ 1–5. The amendments do not apply to this case.

guishes the serious crime of kidnapping from mere imprisonment. *Id.* *Cf.* Minn. Stat. § 609.255, subd. 2 (1984) (statute defining crime of false imprisonment).

Dooley contends that there was insufficient evidence for the jury to reasonably conclude that he was guilty of kidnapping. He asserts that he entered complainant's apartment to use the telephone and "flatly refutes" that he confined her in order to facilitate a felony.

There was uncontradicted evidence that Dooley first grabbed the complainant, then forced his way into her apartment and locked the door. He prevented her from calling the police, sat on her, choked and struck her, and threatened to rape and kill her. When a friend came to the door, Dooley held complainant and put his hand over her mouth to keep her from responding. He prevented her from asking for help when her friend telephoned the apartment. When police knocked at the door, Dooley again held complainant and covered her mouth. He released her only when the police announced that they intended to break down the door.

These facts distinguish this case from *State v. McEwan,* 265 N.W.2d 818 (Minn. 1978) (reversing a kidnapping conviction because of insufficient evidence). In *McEwan,* the supreme court discounted the testimony of the victims because they had fabricated their initial version of the incident and there was minimal evidence to show that the victims were confined to facilitate the robbery that occurred. *Id.* at 821.

█ Here there was ample evidence for the jury to conclude that this incident, which lasted from thirty to forty-five minutes, constituted a confinement of complainant for the purpose of facilitating a sexual assault.

## II.

Appellant also contends that under the facts of this case he should not have been charged or convicted of both criminal sexual conduct and kidnapping. He asserts that any defendant charged with criminal sexual conduct or robbery might also be charged with kidnapping, since these crimes ordinarily involve at least a minimal confinement of the victim. In essence, appellant is arguing that it is unfair to punish him for two crimes under these circumstances.

The Minnesota Supreme Court has declined to hold that the legislature did not intend that a "limited confinement and restraint" constitute the crime of kidnapping. *State v. Morris,* 281 Minn. 119, 123–24, 160 N.W.2d 715, 718 (1968). In *Morris,* the complainant was confined for a period of five minutes and removed a distance of only 100 or 150 feet. *Id.* at 120, 160 N.W.2d at 717. The defendant was convicted of both kidnapping and indecent assault and sentenced to twenty years for the kidnapping. The court in affirming the conviction expressed its concern that such punishment may be imposed in cases where it was not warranted, but stated:

[i]f under some circumstances the statutory penalty is unduly harsh, it is the duty of the prosecutor, the court, and the correctional authorities to modify the charge, the sentence, or the period of confinement so that it will be commensurate with the gravity of the crime and the harm or potential harm which is inflicted by the defendant.

*Id.* at 124, 160 N.W.2d at 718.

Subsequent to the *Morris* decision, a line of cases upheld convictions for both kidnapping and criminal sexual conduct, but held that, under Minn.Stat. § 609.035, a defendant could not be sentenced on both crimes where the kidnapping was for the purpose of committing sexual assault. *See, e.g., Ture v. State,* 353 N.W.2d 518 (Minn.1984); *State v. Patch,* 329 N.W.2d 833 (Minn. 1983); *State v. Koonsman,* 281 N.W.2d 487 (Minn.1979); *State v. Prudhomme,* 303 Minn. 376, 228 N.W.2d 243 (1975).

█ Amendments to Minn.Stat. §§ 609.-251 and 609.035 in 1983 vitiated these cases. *See* Minn.Laws 1983 ch. 139. A prosecution for or conviction of the crime of kidnapping is not a bar to conviction of

any other crime committed during the time of the kidnapping. Minn.Stat. § 609.251 (1984). Kidnapping is specifically excepted from the statutory prohibition against double punishment for a single course of conduct. Minn.Stat. § 609.035 (1984).

We believe the trial court acted within its discretion when it adjudicated Dooley guilty of kidnapping and sentenced him to concurrent terms for kidnapping and for second degree criminal sexual conduct. Under the circumstances of this case, this sentence is commensurate with the gravity of appellant's crime and the harm he inflicted on the complainant. *See Morris*, 281 Minn. at 124, 160 N.W.2d at 718.

## DECISION

There was sufficient evidence for the jury to reasonably conclude that appellant was guilty of second degree criminal sexual conduct and kidnapping. Under Minn. Stat. § 609.251 appellant could be charged, convicted, and sentenced for both kidnapping and second degree criminal sexual conduct.

Affirmed.