*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1873**

State of Minnesota,
Respondent,

vs.

Esteban Perez-Juarez,
Appellant.

**Filed December 12, 2016
Affirmed
Schellhas, Judge**

Stevens County District Court
File No. 75-CR-15-64

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Aaron Jordan, Stevens County Attorney, Morris, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellant challenges his second-degree criminal-sexual-conduct conviction, arguing that the evidence is insufficient to prove that he caused the victim personal injury. We affirm.

**FACTS**

On the evening of February 20, 2015, four college roommates held a party at their house following a campus event at the University of Minnesota–Morris. At about 10:15 p.m., one of the roommates, D.R., joined the party, smoked marijuana, and drank alcohol until he became very intoxicated. A friend helped him upstairs to his room, where he passed out. Around 2:00 a.m., E.P. arrived at the party and went upstairs to hang out with E.S., who lived in the house. E.P. noticed that D.R.'s bedroom door was cracked open and saw D.R. lying on his bed unconscious. Later that night, as E.P. and E.S. were leaving to go downstairs, they noticed a short Hispanic man in the room with D.R. The man's pants were down past his knees and he was positioned between D.R.'s legs, holding D.R. by the thighs. When the man noticed that he was being watched, he pulled up his pants and walked out of the room.

E.P. and E.S. soon discovered that another partygoer, E.P.'s boyfriend, had just seen someone go into D.R.'s room. E.P., her boyfriend, and E.S. investigated and found the same Hispanic man outside D.R.'s room. They followed the man downstairs and asked him what he was doing but had difficulty communicating because the man spoke Spanish. They then asked another partygoer, S.H., to help translate. They also tried to persuade the man to leave the party, but he kept saying that he left his jacket and phone inside the house. S.H. told the man he could pick up his belongings the next day, and the man left.

The man soon returned and tried to re-enter the house through the back door. S.H. warned him that she would call the police if he did not leave. After the man walked away, S.H. went to D.R.'s room and found him lying on his bed with his legs hanging over the

2

side and his genitals exposed. S.H. put a pair of boxers on him and put him to bed. The housemates then ended the party. S.H. found the man's phone and called some of his contacts. One person she called identified the phone's owner as appellant Esteban Perez-Juarez.

When D.R. awoke the next morning, his friends told him that they believed he had been raped. D.R. underwent a sexual-assault examination at a hospital later that day. He had several abrasions on his upper right back and shoulder that he did not have before he passed out. A forensic scientist analyzed semen in swabs taken from D.R.'s perineum and thigh areas. Although the major profile was consistent with D.R., one swab contained a DNA mixture from two or more individuals. Perez-Juarez could not be excluded as a contributor to the minor profile, but 99.8% of the population could be excluded from the DNA mixture.

Respondent State of Minnesota charged Perez-Juarez with one count of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, one count of third-degree criminal sexual conduct, and one count of fourth-degree criminal sexual conduct. A jury found Perez-Juarez guilty of the second- and fourth-degree counts but not guilty of the first- and third-degree counts. Perez-Juarez moved the district court for a judgment of acquittal on the second-degree count, arguing that the state had failed to prove personal injury. The district court denied the motion.

This appeal follows.

Perez-Juarez argues that the state failed to present sufficient evidence of personal injury to support the second-degree criminal-sexual-conduct conviction. When considering an insufficient-evidence claim, our review "is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Ortega*, 813 N.W.2d 86, 100 (Minn. 2012) (quotation omitted). We assume that the jury believed the state's witnesses and disbelieved any contrary evidence. *Id.* "[W]e will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense." *Id.*

To convict Perez-Juarez of second-degree criminal sexual conduct, the state was required to prove that he engaged in sexual contact with D.R., knowing or having reason to know that D.R. was mentally impaired, mentally incapacitated, or physically helpless, and that he caused D.R. to suffer personal injury. Minn. Stat. § 609.343, subd. 1(e)(ii) (2014). "Personal injury" means "physical pain or injury, illness, or any impairment of physical condition" or "severe mental anguish or pregnancy." Minn. Stat. §§ 609.341, subd. 8, 609.02, subd. 7 (2014).

D.R. testified that on the day after the assault his anus felt sore and loose, causing him "considerable pain." D.R. also stated that the abrasions on his back caused him to feel "a sore, dull pain" for approximately two days.

4

Perez-Juarez maintains that "courts typically have found that soreness or pain must be accompanied by some physical sign of injury, such as bruising." Although many sexual-assault cases do involve physical signs of injury, the caselaw does not suggest that bruising or other marks are necessary. *See State v. Johnson*, 277 Minn. 230, 237, 152 N.W.2d 768, 773 (1967) ("[T]hat the victim suffered physical pain . . . is all the statute requires."). Moreover, D.R. had physical signs of injury; he had visible marks on his back because of the assault.

Perez-Juarez similarly argues that the evidence is insufficient because D.R. did not suffer for "longer than a day or two" and D.R. exhibited no sign of "tearing or bleeding." But the state is not required to prove that the pain or injury lasted for a certain length of time. *See* Minn. Stat. § 609.02, subd. 7. Rather, the personal-injury element is satisfied even when "there [is] no proof of permanent or serious injury." *See Johnson*, 277 Minn. at 237, 152 N.W.2d at 773. Nor must the victim suffer tearing or bleeding; physical pain is sufficient. *See id.*; *see also State v. Reinke*, 343 N.W.2d 660, 662 (Minn. 1984) (finding sufficient evidence of personal injury when there was "an abrasion in the area of the victim's pubis, pain at the time of the assault, and subsequent back pain attributable to the assault"); *State v. Dooley*, 380 N.W.2d 582, 584 (Minn. App. 1986) (affirming second-degree criminal-sexual-conduct conviction when victim suffered "a swollen jaw, scratches on her neck, and a bump on her head"), *review denied* (Minn. Mar. 27, 1986).

We conclude that the evidence at trial was sufficient to prove personal injury under the physical-pain-or-injury portion of the definition. *See State v. Jarvis*, 665 N.W.2d 518,

522 (Minn. 2003) (noting that evidence of a "minimal amount of physical pain or injury"

is sufficient).

**Affirmed.**