*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0312**

State of Minnesota,
Respondent,

vs.

Larondo Connell Willis,
Appellant.

**Filed January 17, 2017
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CR-15-2708

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Kelly O'Neill Moller, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Connolly, Judge; and Bjorkman, Judge.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges his first-degree criminal-sexual-conduct conviction, arguing that the evidence was insufficient to prove that the victim reasonably feared imminent great bodily harm at the time of the offense. We affirm.

## FACTS

On January 12, 2015, D.W. was staying temporarily at the residence of appellant Larondo Connell Willis, with whom she had a romantic relationship. The two argued and Willis became violent. Over the course of the night, Willis repeatedly choked, struck, and threatened D.W. While inside the residence, Willis choked D.W. with both hands causing her to fall on a table and then the floor, and nearly lose consciousness. He subsequently took D.W. to his truck, threatened to beat her, and told her he would not take her home. D.W. attempted to escape by jumping out of the truck. Willis chased her, pushed her to the ground, choked her, and punched her in the eye. He then dragged her back to his truck, ripping her shirt and bra off in the process. Willis drove to and parked behind a friend's house. He continued to beat, choke, and scratch D.W. He demanded both oral and vaginal sex, threatening to beat D.W. further if she did not comply. D.W. was scared because of the assaults she experienced that evening and because she had seen Willis with a gun on a prior occasion. She complied. Afterwards Willis fell asleep.

The next morning, Willis drove with D.W. to get coffee at a gas station. When Willis went into the station, D.W. approached police officers who were also in the station, telling them that Willis had beaten her. The officers noticed D.W.'s swollen eye,

scratches, and missing clothing. They took her to a hospital, where she revealed that Willis had sexually assaulted her. D.W.'s vaginal swab revealed the presence of Willis's semen, and her blood was later found in Willis's truck.

Respondent State of Minnesota charged Willis with first-degree and third-degree criminal sexual conduct and domestic assault by strangulation. Willis waived his right to a jury trial, and the district court found Willis guilty of all charges. Willis appeals his first-degree criminal-sexual-conduct conviction.

## DECISION

In considering a claim of insufficient evidence, we carefully review the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the fact-finder to reach the verdict that it did. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). We must assume the fact-finder "believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). We will not disturb the verdict if the fact-finder, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004). We apply the same standard of review to bench and jury trials. *Davis v. State*, 595 N.W.2d 520, 525 (Minn. 1999).

A person commits criminal sexual conduct in the first degree when he engages in sexual penetration with another person and the "circumstances existing at the time of the act cause the complainant to have a reasonable fear of imminent great bodily harm to the

3

complainant." Minn. Stat. § 609.342, subd. 1(c) (2014). "Great bodily harm" is defined as "bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily harm." Minn. Stat. § 609.02, subd. 8 (2014).

Willis argues that the evidence was insufficient to prove that D.W. feared imminent great bodily harm at the time of the sexual assault. He first asserts that the reasonable-fear element of the offense requires that the victim actually experience great bodily harm. Willis cites no authority for this proposition. And it is defeated by the plain language of the statute, which only requires that the victim "have a reasonable *fear* of imminent great bodily harm" at the time of the sexual penetration. Minn. Stat. § 609.342, subd. 1(c) (emphasis added).

Our careful review of the record reveals that ample evidence supports the district court's finding that D.W. reasonably feared imminent great bodily harm. By the time Willis demanded sexual penetration, D.W. had endured hours of beatings and threats. Willis repeatedly choked her, on one occasion causing her to almost lose consciousness. Under these circumstances, D.W. reasonably feared that Willis would carry through on his threats and that his violent acts—especially choking her—were likely to cause permanent injury or death. In short, there was no reason for D.W. to think she would not experience further, and even greater, bodily harm if she did not comply with Willis's requests. And we note that our supreme court concluded, in a similar case, that evidence the defendant grabbed the victim's hair, violently pulled her back when she tried to

4

escape from his car, and choked her while saying she would be choked "for good" if she tried to escape again, was sufficient to prove the victim reasonably feared imminent great bodily harm. *State v. Jensen*, 322 N.W.2d 608, 609 (Minn. 1982).

Willis next argues that the evidence was insufficient to prove D.W. reasonably feared great bodily harm was imminent because he did not threaten her with a weapon. But Minn. Stat. § 609.342, subd. 1(c) contains no such requirement.[1] Moreover, our supreme court rejected the notion that convictions under the statute require a particular form of physical assault or threat, and instructed courts to "look at all the circumstances to determine if the victim was in reasonable fear of imminent great bodily harm." *State v. Smith*, 333 N.W.2d 879, 880 (Minn. 1983). On this record, we are persuaded that ample evidence supports Willis's conviction.

**Affirmed.**

---

[1] This is instead an element of a separate offense set out at Minn. Stat. § 609.342, subd. 1(d) (2014).