**STATE of Minnesota, Respondent,**

v.

**Owen James ASHLAND, Appellant.**

**No. 49205.**

Supreme Court of Minnesota.

Dec. 28, 1979.

C. Paul Jones, Public Defender, and J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., and Robert A. Stanich, Asst. County Atty., Anoka, for respondent.

SCOTT, Justice.

Defendant was charged in district court with six counts of criminal sexual conduct in the first degree. Specifically, he was charged with two counts each—one alleging force or coercion plus aggravated circumstances in the form of severe mental anguish, the other alleging that the complainant feared imminent great bodily harm—for each of three acts of sexual misconduct. Minn.Stat. § 609.342 (1976). Defendant did not request submission of any lesser offenses and none was submitted. The jury acquitted defendant of two counts relating to one of the acts but found him guilty of the remaining four counts. The trial court sentenced defendant to two terms of 20 years each for the third and fifth counts involving fear on the part of the complainant of imminent great bodily harm, with the sentences running concurrently with each other and with a sentence defendant was serving for a prior offense on which parole was revoked. On this appeal from judgment, defendant seeks either a new trial or a modification of his convictions to criminal sexual conduct in the third degree. Defendant seeks a new trial on the grounds that the prosecutor improperly elicited evidence, that the jury may have deliberated for a few minutes before counsel gave their closing arguments, and that the prosecutor made improper statements in closing argument. Defendant alternatively seeks modification of his convictions to criminal sexual conduct in the third degree on the ground that there was insufficient evidence that the victim feared imminent great bodily harm (counts on which he was sentenced) or that she suffered severe mental anguish (counts on which defendant was found guilty but not sentenced). We affirm.

The complainant in this case was a 20-year-old woman, whom defendant and an accomplice took to an isolated field late at night and forced to commit certain sexual acts. The record supports the two convictions based on a finding that the misconduct occurred when the complainant had a reasonable fear of imminent great bodily harm. *Peterson v. State,* 282 N.W.2d 878 (Minn.1979). We need not decide whether the evidence also was sufficient to support convictions on the other two counts, the ones involving severe mental anguish, because defendant was not sentenced for either of them and the prosecutor concedes that defendant was never formally adjudicated guilty of these two counts. With respect to the allegations of error committed during the trial process, all that needs to be said is that defendant, by his failure to object, seek curative instructions, or move for a mistrial, forfeited his right to have us consider the issues on appeal.

We therefore affirm, with the one exception that we hereby vacate the sentence on the fifth count on the basis of Minn.Stat. § 609.035.

Affirmed.