*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0177**

State of Minnesota,
Respondent,

vs.

Gatwech Yiek Thach,
Appellant.

**Filed February 1, 2016
Reversed
Johnson, Judge**

Stearns County District Court
File No. 73-CR-14-6841

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Matthew A. Staehling, St. Cloud City Attorney, Jennifer K. Rose, Assistant City Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea G. M. Barts, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and Harten,

Judge.*

---

        *Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. V, § 10.

UNPUBLISHED OPINION

**JOHNSON**, Judge

Gatwech Yiek Thach was convicted of second-degree test refusal because he refused to submit to a chemical test of his blood or his urine. On appeal, he argues that his conviction must be reversed on the ground that the test-refusal statute is unconstitutional given the facts of this case. In light of recent precedential opinions of this court, Thach's constitutional argument has merit. Therefore, we reverse his conviction of second-degree test refusal.

## FACTS

Thach's conviction of second-degree test refusal is based on an incident that occurred in the city of St. Cloud on August 13, 2014. A woman called 911 to report that her vehicle was rear-ended by another vehicle, that the driver of the other vehicle drove away from the scene of the collision, and that she followed the other vehicle until she saw it stop in the parking lot of an apartment building and saw a man exit the vehicle and enter the apartment building. After performing an investigation, a St. Cloud police officer arrested Thach for driving while impaired. The officer transported Thach to a hospital for a medical examination. At the hospital, the officer read Thach the implied-consent advisory four times. After the fourth reading of the advisory, the officer asked Thach whether he would submit to a blood test or a urine test. Thach did not respond. The officer construed the lack of a response to be a refusal.

The state charged Thach with four offenses: (1) second-degree driving while impaired, in violation of Minn. Stat. §§ 169A.20, subd. 1(1), .25, subd. 1(a) (2014);

(2) second-degree refusal to submit to a chemical test, in violation of Minn. Stat. §§ 169A.20, subd. 2, .25, subd. 1(b) (2014); (3) failure to stop for an accident, in violation of Minn. Stat. § 169.09, subd. 2 (2014); and (4) driving after revocation, in violation of Minn. Stat. § 171.24, subd. 2 (2014).

In November 2014, the case was tried to a jury. At the outset of trial, the state dismissed count 3 because the woman who reported the collision was unavailable to testify. During trial, the district court allowed the state to introduce the testimony of the investigating officer concerning the woman's statements, despite Thach's objection based on the Confrontation Clause and the rule against hearsay. The jury found Thach guilty on counts 1, 2, and 4. The district court sentenced Thach on count 2 by ordering him to serve time in jail, by placing him on probation, and by imposing a $200 fine. Thach appeals.

**D E C I S I O N**

Thach argues that his test-refusal conviction must be reversed on the ground that the test-refusal statute is unconstitutional as applied to him in this case because the statute criminalizes his refusal to submit to an unconstitutional search of his blood or his urine in violation of his right to substantive due process. In response, the state first argues that Thach does not have a fundamental right to refuse to submit to a warrantless blood test or a warrantless urine test. The state argues in the alternative that, even if Thach had such a fundamental right, the test-refusal statute is not unconstitutional.

We begin our analysis by considering whether Thach has a fundamental right to refuse to submit to the chemical tests requested by the investigating officer. The answer to that question depends on whether a warrantless blood test or a warrantless urine test

3

would have been a valid search under the Fourth Amendment to the United States Constitution. *See State v. Thompson*, ____ N.W.2d ____, ____, 2015 WL 9437538, at *2 (Minn. App. Dec. 28, 2015), *pet. for review filed* (Minn. Jan. 21, 2016); *State v. Trahan*, 870 N.W.2d 396, 400 (Minn. App. 2015), *review granted* (Minn. Nov. 25, 2015). In arguing that a warrantless blood test or a warrantless urine test would have been a valid search under the Fourth Amendment, the state relies heavily, if not solely, on the supreme court's opinion in *State v. Bernard*, 859 N.W.2d 762 (Minn.), *cert. granted*, 136 S. Ct. 615 (2015). In *Bernard*, the supreme court held that a warrantless breath test conducted pursuant to the implied-consent statute would be a valid search incident to arrest for purposes of the Fourth Amendment, so long as the arrest is valid. *Bernard*, 859 N.W.2d at 772. As a consequence, the appellant in *Bernard* did not have a fundamental right to refuse to submit to the breath test that was requested of him. *Id.* at 773.

Thach acknowledges the supreme court's opinion in *Bernard* but argues that it "does not extend to the much more invasive search of a person's blood or urine." Thach's argument finds support in this court's opinions in *Trahan* and *Thompson*, which were released by this court after counsel filed their respective briefs in this case. In *Trahan*, this court held, based on the state's concession, that *Bernard* does not apply to a blood test and that a warrantless blood test cannot be justified by the search-incident-to-arrest doctrine. 870 N.W.2d at 401. Similarly, in *Thompson*, this court held that *Bernard* does not apply to a urine test and that a warrantless urine test cannot be justified by the search-incident-to-arrest doctrine. 2015 WL 9437538, at *4. Collectively, *Trahan* and *Thompson* compel the conclusion that, in Thach's case, the administration of a warrantless blood test or a

4

warrantless urine test would not have been a valid search incident to his arrest. Because the state relies only on the search-incident-to-arrest doctrine, we must conclude that Thach had a fundamental right to refuse to submit to both chemical tests.

We continue the analysis by considering whether the statute is constitutional in light of Thach's fundamental right to refuse to submit to the requested chemical tests. *See id.* at *5; *Trahan*, 870 N.W.2d at 403. If a statute implicates a fundamental right, the statute is subject to strict scrutiny, which requires that the statute be narrowly tailored to serve a compelling state interest. *Trahan*, 870 N.W.2d at 404. This court applied strict scrutiny to the test-refusal statute in *Trahan* and *Thompson*. *Thompson*, 2015 WL 9437538, at *5; *Trahan*, 870 N.W.2d at 404. In each case, this court concluded that the state has a compelling interest in keeping highways safe from drunken drivers but that the test-refusal statute was not narrowly tailored to serve that compelling interest. *Thompson*, 2015 WL 9437538, at *5; *Trahan*, 870 N.W.2d at 404. Thus, in each case, this court concluded that the test-refusal statute was unconstitutional as applied. *Thompson*, 2015 WL 9437538, at *5; *Trahan*, 870 N.W.2d at 405. *Trahan* and *Thompson* compel the same conclusion in this case. Accordingly, we conclude that the test-refusal statute is unconstitutional as applied to Thach in this case. Therefore, Thach's conviction of second-degree test-refusal must be reversed.

Thach also argues that the district court erred by admitting the state's evidence concerning the complainant's statements in violation of the Confrontation Clause and the rule against hearsay. Because we have reversed Thach's conviction of second-degree test-refusal, Thach's argument concerning the admissibility of the state's evidence could be

5

relevant only to the other two charges that were tried, second-degree driving while impaired and driving after revocation. But the district court did not adjudicate Thach on either of those two charges. Without an adjudication, there is no conviction, and without a conviction, there is no appealable judgment. *See State v. Hoelzel*, 639 N.W.2d 605, 609 (Minn. 2002) (holding that verdict of guilt, without recorded judgment of conviction, is not final, appealable judgment); *State v. Ashland*, 287 N.W.2d 649, 650 (Minn. 1979) (declining to address sufficiency-of-evidence argument with respect to counts on which defendant was found guilty but not formally adjudicated or sentenced). Therefore, we do not consider Thach's additional argument. If Thach were convicted and sentenced on count 1 or count 4, he would have an opportunity at that time to take a direct appeal from a final, appealable judgment. *See* Minn. R. Crim. P. 27.03, subd. 8, 28.02, subd. 2(1); *State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn. 1984).

**Reversed.**