*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0852**

State of Minnesota,
Respondent,

vs.

Cheng Pao Vue,
Appellant.

**Filed March 7, 2016
Affirmed in part, reversed in part, and remanded
Jesson, Judge**

Anoka County District Court
File No. 02-CR-13-581

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Kelsey R. Kelley, Assistant County Attorney, Anoka, Minnesota (for respondent)

Robert A. Lengeling, Beito & Lengeling, P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Cleary, Chief Judge; Jesson, Judge; and Kalitowski, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**JESSON**, Judge

After a jury found appellant guilty of multiple counts of burglary and theft, the district court adjudicated him guilty of two counts of first-degree burglary. He argues on appeal that (1) the district court abused its discretion by amending one of the theft counts during trial; and (2) the evidence is insufficient to sustain his convictions because the state failed to prove all elements of each offense. We conclude that the district court did not abuse its discretion by amending the complaint, and we affirm appellant's conviction of first-degree burglary with a dangerous weapon because the evidence is sufficient to sustain that conviction. But because his conviction of first-degree burglary, assault, arose from the same behavioral incident as first-degree burglary with a dangerous weapon, we reverse that conviction and remand for the district court to vacate his conviction and sentence on that offense.

## FACTS

This case arose from appellant Cheng Pao Vue's efforts to reunite with K.L., the woman he described as his wife in the Hmong culture. K.L. had separated from Vue and was involved with another man, K.V., who lived with his family in Lino Lakes. Vue's two entries into the Lino Lake home on January 10, 2013 and January 14, 2013 are described below.

On January 10, Vue and an acquaintance came to the Lino Lakes house looking for K.V. K.V. was not home but his brother, Y.V., agreed to let them in. According to the brother, Vue said he wanted to make sure he got his wife back and took K.V.'s

gaming system and money. On January 14, Vue returned to the Lino Lakes home. The brother heard the doorbell ring continuously, saw a car outside that he did not recognize and, assuming the person ringing the doorbell was Vue, went into his bedroom and locked the door. About half an hour later, the brother, Y.V., heard a loud cracking noise, saw that the door had been broken open, and saw Vue in the doorway with a screwdriver and kitchen knife.

When Vue came into the room, he put the knife under his arm and said that he wanted to see K.V. and his wife, that he was a "nice guy," and that he was "not going to hurt" anyone, but he wanted to know where his wife was, because "things [were] going to get serious around here." Vue then had Y.V. call Y.V.'s father on the phone. During that conversation, Vue stated again that he did not want to hurt anyone. Two other males came into the house about the same time as Vue; Y.V. heard them moving around for about 20-30 minutes and then leave. About two hours later, family members noticed clothes, a television, and personal belongings missing. Police identified Vue as a suspect and located him. Police recovered a gaming system, and they also recovered a digital camera, jewelry, cell phone, and laptop from the two men who accompanied Vue on January 14. Vue admitted to police where the gaming system and some clothing was located, but denied other allegations, including his possession of a knife and the claimed value of the stolen property. A police investigator testified that Vue told him that he had dumped some clothing that he stole from the home into an alley.

The two men accompanying Vue on January 14 testified against him as accomplices. They testified that they entered the home with him. One of the men,

3

Chuyeah Her, testified that he packed up clothing items and a television, which ended up in their vehicle. He testified that Vue entered the house, but he did not know whose idea it was to pack the clothes. The other man, Joshua Rolf-Walz, testified that Vue entered the house from the back, let the other men in, asked Rolf-Walz to put clothes in a hamper, and took other items out of a room. Rolf-Walz testified that he saw Vue going through dresser drawers, grabbing jewelry, and that after they left the home, Vue "pulled out a necklace" and asked if it was valuable.

The state charged Vue with three counts of first-degree burglary and two counts of theft, based on the incidents of January 10 and January 14. At the close of the state's case, the state moved to amend count V, theft over $5,000, to include an aiding-and-abetting theory of liability. Over a defense objection, the district court granted the motion, finding that the addition was in the nature of a housekeeping change and it did not add a new or additional offense, was consistent with the allegations in the complaint, and did not relate to any new or previously undisclosed facts.

Vue elected not to testify. The only defense witness, Vue's father, testified that Vue was caring for his special-needs child and looking for his wife so that she could care for the child while he worked.

The jury found Vue guilty of all five counts. Count I, theft of property with a value of over $1,000 but not more than $5,000, was based on the January 10 incident. The other four counts were based on the January 14 incident. With respect to count I, the district court directed a verdict of not guilty because the jury answered "no" on its special verdict form to the question of whether the value of the gaming system and cash was

4

"more than $1,000, but not more than $5,000." With respect to count II, first-degree burglary of an occupied dwelling involving theft, the district court did not adjudicate Vue guilty. The district court adjudicated Vue guilty of count III, first-degree burglary with a dangerous weapon, and count IV, first-degree burglary, assaulting a person within the building. The warrant of commitment reflects that Vue was acquitted of count V, theft of property over $5,000, at sentencing.

The district court sentenced Vue to 30 months in prison, a downward durational departure, concurrently on the two adjudicated burglary counts. This appeal follows.

## D E C I S I O N

### I

Vue argues that the district court abused its discretion by amending count V, theft when the value of the stolen property exceeds $5,000, to allege aiding and abetting. The district court may amend a complaint at any time before verdict "if no additional or different offense is charged and if the defendant's substantial rights are not prejudiced." Minn. R. Crim. P. 17.05. This court reviews a district court's amendment of the complaint under rule 17.05 for an abuse of discretion. *Gerdes v. State*, 319 N.W.2d 710, 712 (Minn. 1982).

Generally, a person is convicted of an offense when the factfinder renders a guilty verdict, which is then adjudicated, i.e., accepted and recorded by the district court. Minn. Stat. § 609.02, subd. 5 (2012). We note that, although the jury found Vue guilty of count V, the record shows that he was acquitted of that offense at sentencing. *Cf. State v. Ashland*, 287 N.W.2d 649, 650 (Minn. 1979) (declining to address sufficiency-of-the-

5

evidence argument for counts on which the defendant was found guilty but not sentenced or formally adjudicated guilty). But even if we were to address this issue, we would conclude that it fails on its merits.

The Minnesota Supreme Court "ha[s] long held that aiding and abetting is not a separate substantive offense and can be added at any point prior to a verdict or finding." *State v. DeVerney*, 592 N.W.2d 837, 846 (Minn. 1999). Vue acknowledges that amending the complaint to include an aiding-and-abetting theory of liability did not charge an "additional or different offense" under Minn. Crim. P. 17.05. Nonetheless, he points out that the opportunity to present a defense in a criminal case is a substantial right, *State v. Dickson*, 309 Minn. 463, 467, 244 N.W.2d 738, 741 (1976), and he argues that his substantial rights were prejudiced because the amendment to count V affected the presentation of his defense to count III. He maintains that adding the aiding-and-abetting theory to count V might have influenced the jury to find him guilty of committing count III, first-degree burglary with a dangerous weapon, because the jury could have found him guilty based on his accomplices' theft. But the first-degree burglary statute requires proof that the actor "commit[s] a crime while in the building, either directly or as an accomplice." Minn. Stat. § 609.582, subd. 1 (2012). The jury was instructed with this language as to count III and was therefore already made aware of an accomplice liability theory relating to that count.

Vue also contends that, had he known that he would be charged with aiding and abetting, defense counsel would have cross-examined the state's witnesses more thoroughly to highlight the lack of evidence linking him to the January 14 burglaries. But

6

he was sufficiently notified of an accomplice theory of liability because the narrative portion of the complaint referred to his entering the house with two other males on January 14 and taking items. *See, e.g.*, *State v. Defoe*, 280 N.W.2d 38, 40 (Minn. 1979) (noting that although aiding-and-abetting was not cited in the complaint, "the reports and statements attached to the complaint made it clear what the state basically contended had happened [and] [t]here is therefore no possibility that defendant was confused as to the nature of the charges"). Vue was not, therefore, substantially prejudiced by the amendment, and the district court did not abuse its discretion by amending the complaint.

## II

Vue maintains that the evidence is insufficient to support the jury verdicts on counts I, II, III, and IV. In reviewing a challenge to the sufficiency of the evidence, this court conducts a painstaking review of the record to determine whether, when viewed in a light most favorable to the conviction, the evidence was sufficient for the jury to reach the verdict that they did. *State v. Heiges*, 806 N.W.2d 1, 17 (Minn. 2011). This court assumes that the jury believed the state's witnesses and disbelieved any conflicting testimony. *State v. Moore*, 846 N.W.2d 83, 88 (Minn. 2014). "The verdict will not be overturned if, giving due regard to the presumption of innocence and the prosecution's burden of proving guilt beyond a reasonable doubt, the jury could reasonably have found the defendant guilty of the charged offense." *State v. Leake*, 699 N.W.2d 312, 319 (Minn. 2005).

We address Vue's arguments regarding the sufficiency of the evidence on each count below.

7

With regard to count I, theft arising from the January 10 events, the district court issued a judgment of acquittal. And the district court did not adjudicate Vue guilty of count II, first-degree burglary of an occupied building. Therefore, we do not address Vue's arguments on the sufficiency of the evidence for counts I and II. *See Ashland*, 287 N.W.2d at 650; *see also State v. Hoelzel*, 639 N.W.2d 605, 609 (Minn. 2002) (holding that verdict of guilt, without recorded judgment of conviction and sentence, is not final, appealable conviction).[1]

Vue also challenges the sufficiency of the evidence to support his conviction on count III, first-degree burglary with a dangerous weapon. That offense is committed if a person, while possessing a dangerous weapon, "enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice." Minn. Stat. § 609.582, subd. 1(b). The district court instructed the jury on this count with respect to theft, which occurs when a person "intentionally and without claim of right takes, uses, transfers, conceals or retains possession of movable property of another without the other's consent and with intent to deprive the owner permanently of possession of the property." Minn. Stat. § 609.52, subd. 2(1) (2012).

Vue admits that the knife that he carried into Y.V.'s bedroom was a dangerous weapon, but he argues that the accomplice testimony "casts serious doubt on the

---

[1] If Vue were adjudicated and sentenced on count II at any time in the future, he would have an opportunity to pursue a direct appeal from a final judgment on that offense. *See* Minn. R. Crim. P. 27.03, subd. 8, 28.02, subd. 2(1); *State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn. 1984).

8

allegation that [he] participated in the theft at all on January 14," and that he was only trying to find his wife. Although one accomplice testified that he did not know whose idea it was to pack up items, the other accomplice testified that he saw Vue going through dresser drawers and grabbing jewelry. And the accomplice testimony on Vue's participation was corroborated by the police investigator's testimony that Vue admitted dumping some of the clothing he took from the home in an alley. *See State v. Silvernail*, 831 N.W.2d 594, 605 (Minn. 2013) (Stras, J., concurring) (noting that defendant's confession amounted to direct evidence of guilt). Therefore, the evidence is sufficient to sustain Vue's conviction of first-degree burglary with a dangerous weapon.

Finally, Vue argues that the evidence does not support his conviction of count IV, first-degree burglary, assault. But we need not address this argument because we conclude that the district court erred by convicting Vue under different sections of a criminal statute for crimes that he committed during a single behavioral incident, which is precluded by Minn. Stat. § 609.04, subd. 1 (2012). The supreme court "ha[s] consistently held that section 609.04 bars multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident." *State v. Jackson*, 363 N.W.2d 758, 760 (Minn. 1985). Based on that statute, "a defendant cannot be convicted twice for the same offense against the same victim on the basis of the same act." *State v. Goodridge*, 352 N.W.2d 384, 389 (Minn. 1984). Because both of Vue's burglary convictions arose from the same behavioral incident and were committed against the same victim, we reverse his conviction on count IV, first-degree burglary, assault, without considering his substantive argument on that conviction, *see Ashland*, 287

9

N.W.2d at 650, and we remand for the district court to vacate his conviction and sentence on count IV.

**Affirmed in part, reversed in part, and remanded.**