*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0002**

State of Minnesota,
Respondent,

vs.

Johnnie Robert Capers,
Appellant.

**Filed December 5, 2016
Affirmed
Reilly, Judge**

Ramsey County District Court
File No. 62-CR-15-2136

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Adam E. Petras, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijó, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

A jury found appellant guilty of test-refusal after police arrested him on suspicion of driving while intoxicated. Appellant challenges the conviction on the grounds that the

test-refusal statute is unconstitutional and the state failed to produce sufficient evidence that he refused to take a breath test and that he was driving while intoxicated. Because we determine that the state produced sufficient evidence to support the verdict and Minnesota's test-refusal statute is not unconstitutional as applied to a breath test, we affirm.

## FACTS

A police officer on routine patrol stopped appellant's vehicle after observing appellant's failure to properly signal his turns. The officer detected a "strong odor" of alcohol coming from inside appellant's car and noticed that appellant's speech was "slow" and slurred and his eyes were bloodshot. Appellant admitted that he had been drinking. The officer conducted a series of field sobriety tests, including a horizontal gaze nystagmus test and the one-legged stand test, both of which appellant failed. Based upon his experience and training, the officer concluded that appellant was impaired and placed him under arrest for driving while intoxicated. The officer administered a preliminary breath test (PBT), which revealed an alcohol concentration of 0.121.

The officer transported appellant to a law enforcement center and read him the implied-consent advisory. After speaking with an attorney, appellant agreed to submit to a breath test, which was administered using the DataMaster/DMT-G breath test machine. Appellant was not able to provide an adequate breath sample after nine attempts and the officer determined that appellant "wasn't using any effort to give a proper breath test." The officer concluded that appellant's conduct constituted a test refusal. The state charged appellant with first-degree refusal to submit to a chemical test and first-degree impaired driving. The jury returned a verdict finding appellant guilty of both offenses. The

district court adjudicated appellant guilty of refusing to submit to a chemical test and imposed the presumptive stayed sentence of 42-months in prison. This appeal follows.

## D E C I S I O N

**I.**      **Minnesota's test-refusal statute is constitutional as applied to the collection of a driver's breath sample.**

Minnesota statute criminalizes an individual's refusal to submit to a chemical breath test. *See* Minn. Stat. § 169A.20, subd. 2 (2014). In *State v. Bernard*, the Minnesota Supreme Court ruled that the state could criminalize the refusal to submit to a breath test without frustrating the protections of the Fourth Amendment to the Constitution. 859 N.W.2d 762, 767 (Minn. 2015), *aff'd sub nom. Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016). In *Birchfield v. North Dakota*, the United States Supreme Court affirmed the *Bernard* decision and upheld the constitutionality of Minnesota's test-refusal statute as it applies to a breath test. 136 S. Ct. 2160, 2184 (2016) ("[T]he Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving."), *aff'g State v. Bernard*, 859 N.W.2d 762 (Minn. 2015). Here, the police officer read appellant the implied-consent advisory and secured his consent to administer a breath test. The test was conducted in an appropriate manner and the officers gave appellant at least nine opportunities to provide an adequate sample. Appellant was afforded his constitutional rights and is not entitled to reversal of his conviction on the basis that the statute is unconstitutional.

**II.    The evidence presented at trial was sufficient to prove beyond a reasonable doubt that appellant was guilty of test-refusal.**

An appellate court examining the sufficiency of the evidence "carefully examine[s] the record to determine whether the facts and the legitimate inferences drawn from them would permit the jury to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted." *State v. Fox*, 868 N.W.2d 206, 223 (Minn. 2015), *cert. denied*, 136 S. Ct. 509 (2015). "We view the evidence presented in the light most favorable to the verdict, and assume that the [jury] disbelieved any evidence that conflicted with the verdict." *Id.*

Where a conviction or an element of the criminal offense has been proven by circumstantial evidence we apply a heightened standard of review. *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010). Heightened scrutiny is a two-step process requiring the reviewing court to first identify the circumstances proved and defer to the jury's "acceptance of the proof of these circumstances." We then "examine independently the reasonableness of all inferences that might be drawn from the circumstances proved, including inferences consistent with a hypothesis other than guilt." *State v. Porte*, 832 N.W.2d 303, 310 (Minn. App. 2013) (quotations omitted).

With respect to the first step in the heightened-scrutiny analysis, the state proved the following circumstances: the police officer stopped appellant's car after observing traffic violations; appellant smelled of alcohol, slurred his speech, and had bloodshot eyes; appellant admitted to drinking alcohol prior to driving; appellant failed the field sobriety tests; the preliminary breath test registered an alcohol concentration of 0.121; appellant

agreed to submit a sample of his breath for testing after speaking with an attorney; the officer offered appellant nine opportunities to provide an adequate breath sample but appellant did not make an effort to do so; and the officer determined that appellant's conduct constituted test-refusal.

The second step is to determine whether the circumstances proved are consistent with guilt and inconsistent with any reasonable hypothesis other than guilt. *Al-Naseer*, 788 N.W.2d at 473-74. At this step, we do not defer to the jury's "choice between reasonable inferences." *Id*. at 474 (quotations omitted). Appellant argues that he did not refuse to provide a breath sample and relies on *State v. Ferrier*, in which an impaired driver initially agreed to submit to chemical testing of her urine but was unable to provide an adequate sample. 792 N.W.2d 98, 100 (Minn. App. 2010), *review denied* (Minn. Mar. 15, 2011). We affirmed *Ferrier*'s conviction, stating that "refusal to submit to chemical testing includes any indication of actual unwillingness to participate in the testing process, as determined from the driver's words and actions in light of the totality of the circumstances." *Id*. at 102. Here, the officer gave appellant nine opportunities to provide an adequate breath sample and coached him on the correct way of blowing into the DataMaster device. Appellant did not indicate that he was physically unable to blow into the machine, and he had just provided an adequate PBT sample. Appellant did not alert the officers to any medical issues that prevented him from providing an adequate sample. The totality of the circumstances supports a determination that appellant's failure to provide a breath sample was consistent with his guilt and inconsistent with a hypothesis other than guilt.

In sum, the totality of the circumstances show that appellant displayed indicia of intoxication, failed the field sobriety tests, registered an impaired reading on the PBT, and admitted to drinking before driving. The police officer believed, based upon his training and experience, that appellant was under the influence of alcohol. Appellant agreed to provide a sample of his breath for chemical testing but was uncooperative with the collection process, despite the officer's assistance. This evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of refusing to submit to a chemical test.

### III. The evidence presented at trial was sufficient to prove beyond a reasonable doubt that appellant was guilty of impaired driving.

To establish that appellant is guilty of driving while under the influence, the state must prove beyond a reasonable doubt that appellant drove, operated, or was in physical possession of a car while impaired. *See* Minn. Stat. § 169A.20, subd. 1(1) (2014). A person is impaired if the person "had drunk enough alcohol so that the [person's] ability or capacity to drive was impaired in some way or to some degree" and, as a result, "does not possess that clearness of intellect and control . . . that [the person] otherwise would have." *State v. Ards*, 816 N.W.2d 679, 686 (Minn. App. 2012). Because appellant does not dispute that he was driving the car and that the police officer personally observed appellant's condition, the two-part heightened standard of review does not apply. *See Bernhardt v. State*, 684 N.W.2d 465, 477 n.11 (Minn. 2004) ("Direct evidence is evidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption.").

The officer observed appellant's failure to properly signal two turns. Appellant argues that these violations were "at most, minor violations," that were not indicative of impaired driving. However, a traffic violation, however slight, provides an objective basis for conducting a traffic stop. *See State v. George*, 557 N.W.2d 575, 578 (Minn. 1997); Minn. Stat. § 169.19, subd. 5 (2014) (requiring a driver to signal a turn "continuously during not less than the last 100 feet traveled by the vehicle before turning"). Based upon appellant's observed traffic violations, the officer had an objective basis to stop appellant's car.

After stopping the car, the officer noticed that appellant's eyes were bloodshot, his speech was slow and slurred, and there was a strong odor of alcohol coming from inside the car. Appellant admitted to drinking alcohol prior to driving. The officer conducted a series of field sobriety tests, which appellant failed. Appellant argues that these factors are insufficient to show that he was driving while impaired. However, evidence of bloodshot eyes, slurred speech, and the odor of alcohol is sufficient to prove impairment. *See State v. Laducer*, 676 N.W.2d 693, 697-98 (Minn. App. 2004) ("An admission of drinking, coupled with other indicators of intoxication, is sufficient for probable cause to arrest."). Based upon his training and experience, the officer concluded that appellant was driving while impaired. Police officers are entitled to rely on their training and experience to determine whether a particular factor supports a reasonable suspicion of criminal activity, *State v. Smith*, 814 N.W.2d 346, 352 (Minn. 2012), and we are "deferential to police officer training and experience and recognize that a trained officer can properly act on suspicion that would elude an untrained eye." *State v. Britton*, 604 N.W.2d 84, 88-89 (Minn. 2000).

The officer's training and experience led him to conclude that appellant was under the influence of alcohol, and ample evidence in the record supports the conviction.[1]

**Affirmed.**

---

[1] We considered the arguments raised by appellant in his *pro se* supplemental brief in conjunction with our consideration of the arguments presented by appellant's counsel. Because appellant failed to support his supplemental arguments with relevant facts or legal authority, we consider them waived. *See State v. Manley*, 664 N.W.2d 275, 286 (Minn. 2003) (deeming as waived pro se arguments that do not cite to relevant legal authority). Additionally, the state challenges appellant's ability to pursue this claim. Although the jury found appellant guilty of impaired driving, the district court only entered judgment of conviction on test-refusal. We decline to address a sufficiency of the evidence challenge for counts on which the defendant was found guilty but neither sentenced nor formally adjudicated guilty. *See State v. Ashland*, 287 N.W.2d 649, 650 (Minn. 1979) (concluding that the court "need not decide" a sufficiency of the evidence challenge to counts for which no sentence was imposed); *see also State v. Hoelzel*, 639 N.W.2d 605, 609 (Minn. 2002) (concluding that verdict of guilt, without recorded judgment of conviction, is not final, appealable judgment).